FILED
2013 Jan-23 AM 10:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

**VESTA NOLES**

        **Plaintiff,**

v.                                             CV 4:12-3840-RBP

**CITY OF GUNTERSVILLE,**
**ALABAMA**

        **Defendant.**

### MEMORANDUM OPINION

This cause comes on to be heard on the Motion to Dismiss of City of Guntersville filed on November 14, 2012. The facts will be considered in favor of the plaintiff as addressed in his complaint filed in the Circuit Court of Marshall County, Alabama, or as may be undisputed.

### Facts

The Guntersville Farmer's Market (Market) is operated by the defendant City of Guntersville (City) and is located on land owned by the City. The plaintiff, Vesta Noles, rented a stall as a lessee/seller at the Market. The relationship between the City and any lessee/sellers at the Market is governed by Guntersville Municipal Ordinance 825 which states in part:

> The City of Guntersville shall have supervision and control of the Farmer's Market, together with the streets and alleys adjoining the same. No person shall transact business, as seller or lessee, at or upon the grounds of the market without first paying for the privilege at the rate hereinafter set forth and obtaining a written lease authorizing him/her to do so.

Ala. Code of Ordinances, Chapter 6, Art. III, § 6-56(1). The City has promulgated rules within Ordinance 825, including:

> Upon violations of any of these regulations by any lessee, his agents, servant, or

employees, such violation continuing for one hour after notice by the City of Guntersville to remedy same, all possessory rights and interest of the *lessee are automatically terminated* and the lessee together with his goods, chattels, agents, servants, and employees *may be expelled and removed* from the premises by the City of Guntersville *immediately*. The City of Guntersville may expel any person for such a period of time *as it determines to be just* but not to exceed one (1) year, except any person who has been previously expelled from the market may be permanently expelled from the farmer's market or expelled for a time exceeding one (1) year. (Emphasis added).

Ala. Code of Ordinances, Chapter 6, Art. III, § 6-58(2).

Noles alleges that on July 3, 2012, employees of the City approached him at the Market and accused him of "violating the City's rules and/or regulations governing 'lessee' and/or 'sellers' at the Farmer's Market." (Doc. 1, Ex. A: Complaint, ¶ 11). Noles alleges that he was then forcibly removed from the Market by uniformed City police officers "[w]ith no advance notice and no opportunity to be heard regarding the alleged ordinance violations." *Id*. Noles returned, though not present as a lessee/seller, to the Market on July 5, 2012. Noles alleges he was again removed from the premises forcibly without advance notice or opportunity to be heard regarding the alleged violations. Noles returned for a final time on July 7, 2012, when he was arrested and charged with criminal trespass.

Noles filed the current action in the Circuit Court of Marshall County, Alabama, on September 21, 2012, alleging deprivation of due process under the Fifth and Fourteenth Amendments of the United States Constitution and Article I, § 13 of the Alabama Constitution. Noles also alleges inverse condemnation claims under both the Fifth Amendment of the United States Constitution and § 235 of the Alabama Constitution. The defendant timely removed the action to this court and filed a Motion to Dismiss for failure to state a claim on November 14, 2012.

**Arguments**

**1. *Does the plaintiff have a protectable property interest?***

The City first argues that the plaintiff's due process and inverse condemnation claims fail because Noles does not have a protectable property interest in his permit (lease) to sell produce from a stall on public property. The City cites *Marine One, Inc. v. Manatee County*, 877 F.2d 892 (11th Cir. 1989) (Petition for Rehearing and suggestion for Rehearing In Banc Denied 898 F.2d 1490 (11th Cir. 1990)) as its main support for this argument. The case involved two Florida landowners suing Manatee County for rescinding marine construction permits they had previously been issued. These permits would have allowed the landowners to build a dock over submerged public lands. The Eleventh Circuit held that the landowners did not have a protectable property interest in the issuance of the permits to construct their docks on public lands. *Marine One*, 898 F. 2d at 1492-1493. The court stated:

> [R]evocation of permits to perform activities on public land are not treated as takings of property. Both federal and other state cases stand for the proposition that permits to perform activities on public land - whether the activity be building, grazing, prospecting, mining, traversing - are mere licenses whose revocation cannot rise to the level of a Fifth Amendment taking.

*Id*. The City contends that *Marine One* is dispositive of the current issue. It argues that the Market is operated on public lands and Noles, like the Florida landowners, has no protectable property interest in a permit (lease) to maintain a stall or sell produce at the Market.

Plaintiff Noles, however, argues that *Marine One* is inapplicable to the case at hand since *Marine One* was based on Florida law. Noles cites the text of *Marine One* itself as proof that federal courts look to the state law to determine and define a plaintiff's property interest. *Marine One I*, 877 F. 2d 892, 894 (11th Cir. 1989) (citing *Paul v. Davis*, 424 U.S. 693, 709 (1976); *Bd.*

*Of Regents v. Roth*, 408 U.S. 564, 577 (1972)); *Marine One II*, 898 F. 2d at 1492. Additionally, the Eleventh Circuit narrowed the *Marine One* purported holding in *Reserve, Ltd. v. Longboat Key*, saying that "this court held that *Florida law* does not create a property right in a permit to build on public land." 17 F. 3d 1374, 1379-1380 (11th Cir. 1994) (Emphasis added).

Noles instead cites *Tucker v. Jefferson Cnty. Truck Growers' Ass'n*, 487 So. 2d 240 (Ala. 1986) as the relevant Alabama law creating a property interest for his case. In *Tucker* the plaintiff, a seller of produce at a market operated by the defendant association, had his permit to sell revoked by the defendant. The plaintiff's state court action alleged he was denied a due process hearing regarding the revocation of his property rights in his license to sell produce at the market. The Alabama Supreme Court found for the defendant, holding that because the association was a voluntary association, and not a governmental entity, it did not have to guarantee due process rights. *Id*. at 242. Noles points out that the court in *Tucker* quotes the *trial court's* language that "[i]f the Defendant were a governmental agency, it would be required to afford the Plaintiff due process before expelling him or refusing to allow him to sell produce on the market." *Id* at 241. The City responds to this contention with the argument that plaintiff Noles is attempting to create law from *dicta* (or simply a quote) in the *Tucker* opinion. *Tucker* was focused on voluntary associations and private land and did not decide the law for governmental entities and public land.

The Eleventh Circuit made clear in the *Marine One* opinion, as well as following opinions clarifying its holding, that it was depending on Florida state law to inform its decision of whether a property right existed. *Tucker*, however, does not provide the Alabama law for this case. The court in *Tucker* stated:

> We are compelled to point out that we do not necessarily embrace the trial court's reliance upon *Wells v. Mobile County Bd. of Realtors,* 387 So. 2d 140 (Ala. 1980), for its finding that the Association is merely required to woodenly follow the procedures mandated by the Association's by-laws, rules, or regulation. However, *having decided this case on the principles set out above, it is unnecessary to address the range of circumstances in which due process would apply.*

*Tucker*, 487 So. 2d at 243 (Emphasis added).

### *2. Does the plaintiff have a protectable liberty interest?*

The City also argues that the plaintiff's claim of a violation of a "liberty interest in his leasehold possession of a vendor's booth" (Complaint, ¶ 17) is due to fail. The Eleventh Circuit has held that a claimant alleging a violation of liberty interest in pursuit of business matter "must present evidence suggesting that a governmental act *effectively banned him or her from a profession.*" *Liu v. Bd. of Trustees of Univ. of Ala.*, 330 Fed. Appx. 775, 780 (11th Cir. 2009) (emphasis added). The City relies upon *Liu*, stating that because Noles has not alleged that the City prohibited him from selling produce anywhere outside of the Market, a claim for deprivation of a liberty interest fails. The plaintiff does not respond to this argument.

### *3. If the plaintiff does have a property interest, are there adequate post-deprivation remedies available to defeat a due process claim?*

The City argues that, even if Noles has a protectable property or liberty interest, he has adequate post-deprivation remedies available to him in state court, thus negating any procedural due process claim here. The Due Process Clause of the Fourteenth Amendment is not violated by negligent or intentional actions of state entities if the state makes a meaningful post-deprivation remedy available. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Hudson v. Palmer*, 486 U.S. 517 (1983). "If adequate state remedies were available but the plaintiff failed to take advantage of them, the plaintiff cannot rely on that failure to claim that the state deprived him of procedural

due process." *Cotton v. Jackson*, 216 F. 3d 1328, 1330-1331 (11th Cir. 2000). To be an adequate remedy, "the state procedure need not provide all the relief available under section 1983." *Id*. at 1331. The City argues that a declaratory judgment from Alabama state court of wrongful eviction from the Market would be a sufficient remedy for Noles. The City also contends that the Alabama Supreme Court applies the same analysis to bar state constitutional due process claims; if adequate post-deprivation remedies bar a federal due process claim, it bars the state claim under the same circumstances.

Plaintiff Noles cites *Wolff v. McDonnell* to argue "that some kind of hearing is required at *some time before* a person is finally deprived of his property interests." 418 U.S. 539, 557-58 (1974) (emphasis added). Even if there is a meaningful post-deprivation remedy, Nole contends that "[i]n situations where the State feasibly can provide a predeprivation hearing before taking property, it generally must do so regardless of the adequacy of a postdeprivation tort remedy to compensate for the taking." *Zinermon v. Burch*, 494 U.S. 113, 131-132 (1990) (citing *Cleveland Bd. Of Educ. v. Loudermill*, 470 U.S. 532, 542 (1985)). However, the defendant is correct in pointing out that the Supreme Court case law to which Noles refers has been taken into account by the Eleventh Circuit in a line of cases beginning with *McKinney v. Pate*, 20 F. 3d 1550 (11th Cir. 1994) (en banc). The Eleventh Circuit has held that "the state must have the opportunity to 'remedy the procedural failings of its subdivisions and agencies in the appropriate fora-agencies, review boards, and state courts' before being subjected to a claim alleging a procedural due process violation." *Cotton*, 216 F. 3d at 1331 (quoting *McKinney*, 20 F.3d at 1560). If Noles has a valid property interest, the procedural due process claim is still arguably invalid since there are post-deprivation remedies available to him in state court.

*4. Does the plaintiff have a valid Alabama § 235 inverse condemnation claim?*

The text of § 235 provides in pertinent part:

Municipal and other corporations and individuals invested with the privilege of taking property for public use shall make just compensation, to be ascertained as may be provided by law, *for the property taken, injured, or destroyed by the construction or enlargement of its works, highways, or improvements*, which compensation shall be paid before taking, injury, or destruction.

Ala. Const. 1901, Art. XII, § 235 (Emphasis added). The City cites Alabama cases stating the necessary elements of 1) property being "taken, injured, or destroyed" and 2) relation to the governmental entity's "construction or enlargement of its works, highways, or improvements." *See Thompson v. City of Mobile*, 199 So. 862, 865 (Ala. 1941); *City of Birmingham v. Graves*, 76 So. 395, 395 (Ala. 1917); *Mahan v. Holifield*, 361 So. 2d 1076, 1079 (Ala. 1978); *City of Mobile v. Lester*, 804 So. 2d 220, 230 (Ala. Civ. App. 2001).

Plaintiff Noles admits there is no 'construction or enlargement' involved in this issue but contends that this court is not bound to a literal construction of the elements. Recent Alabama case law has suggested that the injury or taking in a § 235 claim "have a tangible physical effect on the property . . . [and] must also be of a physical nature." *Hous. Auth. of Birmingham Dist. v. Logan Properties, Inc.*, 2012 WL 6062568 at *6 (Ala. Dec. 7, 2012). However, this recent decision still does not abrogate or change the requirement for construction or enlargement. Additionally, Noles is claiming a property interest/injury to his license to sell produce; there is no physical property on which 'a tangible physical effect' can even occur. *See Jefferson County v. Southern Natural Gas Co.*, 621 So. 2d 1282, 1286-1287 (Ala. 1993) (holding that a jury may resolve a § 235 claim only where evidence of a direct physical injury to the property exists).

*5. Does the plaintiff have a valid Fifth Amendment takings claim?*

Noles alleges that the defendant City has taken or injured his leasehold property interest as a lessee of the City's stall at the Market. He cites the Fifth Amendment, incorporated by the Fourteenth Amendment, to state that he is due to be compensated for the property taken. The defendant does not address the substance of the Fifth Amendment, but rather simply states that without as a protectable property interest, the plaintiff cannot put forth a Fifth Amendment takings claim. See *Marine One*, *Inc. v. Manatee County, Florida, etc.*, 877 F.2d 892 (11th Cir. 1989). The validity of this claim depends on the question of whether or not the plaintiff has a protectable property interest, which is an unanswered question of state law.

### 6. Does the plaintiff have a valid § 1983 claim?

Noles alleges that the City's physical removals and arrest of his person during the alleged incidents violated his civil rights under color of state law. The Supreme Court in *Albright v. Oliver* expressly held there is not a substantive right under the Due Process Clause of the Fourteenth Amendment to be free from arrest or criminal prosecution except upon probable cause. 510 U.S. 266, 271 (1994). The Court was relying on their previous decision in *Graham v. Connor*, in which it found that "all claims claims that law enforcement officers have use excessive force . . . should be analyzed under the Fourth Amendment and its 'reasonableness standard,'" rather than the Fourteenth Amendment. 490 U.S. 386, 396 (1989).

### 7. Does the plaintiff have a valid declaratory judgment claim?

Noles includes in his complaint a prayer for a declaratory judgment to invalidate Ordinance 825 based on the state and federal constitutional grounds stated in his other claims. The defendant points out that, if Noles has no protectable property interest, then he has no standing to assert such an action. See *Messer v. City of Douglasville*, 975 F. 2d 1505, 1514 (11th

Cir. 1992) (finding the plaintiff had no standing to challenge an ordinance where he failed to show any violation of his individual due process rights). Again, the validity of this claim is dependent on the existence of a protectable property interest, which is an unanswered question of state law.

### Conclusions of Court

The court in *Marine One* stated: "Having failed to prove the existence of a cognizable property interest, the claims of both Schmidt and Marine One must fail as a matter of law." *Id.*, 877 F.2d at 894. Although the Supreme Court of Alabama has not directly addressed the issue, this court concludes that it would likely hold the same as would the Florida courts. Thus, this court will dismiss all federal claims with prejudice and remand the state law claims.

This the 23rd day of January, 2013.

_____
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**